*975
ORDER

GAJARSA, Circuit Judge.
The Secretary of Veterans Affairs moves ■without opposition to vacate the Court of Appeals for Veterans Claims’ judgments in Fox v. Nicholson, 05-2182, 20 Vet.App. 387, 2005 WL 4044557 (2005), Hash v. Nicholson, 05-1922, 20 Vet.App. 387, 2005 WL 4044552 (2005), Nation v. Nicholson, 05-2001, 20 Vet.App. 387, 2005 WL 4044553 (2005), Shields v. Nicholson, 05-2011, 20 Vet.App. 387, 2005 WL 4044554 (2005), Dodd v. Nicholson, 05-1762, 20 Vet. App. 387, 2005 WL 4043949 (2005), Bennett v. Nicholson, 05-1567, 20 Vet.App. 387, 2005 WL 3926704 (2005), Meredith v. Nicholson, 05-1604, 20 Vet.App. 387, 2005 WL 4043943 (2005), Fields v. Nicholson, 05-1606, 20 Vet.App. 387, 2005 WL 4043944 (2005), Cross v. Nicholson, 05-1662, 20 Vet.App. 387, 2005 WL 4043945 (2005), Massey v. Nicholson, 05-1752, 20 Vet.App. 387, 2005 WL 4043947 (2005).
Laverriere v. Nicholson, 05-1781, 20 Vet.App. 387, 2005 WL 4043950 (2005), Charley v. Nicholson, 05-1796, 20 Vet.App. 387, 2005 WL 4043951 (2005), Vawter v. Nicholson, 05-1833, 20 Vet.App. 387, 2005 WL 4044551 (2005), Bostic v. Nicholson, 05-2193, 20 Vet.App. 387, 2005 WL 4044558 (2005), Barnes v. Nicholson, 05-213, 20 Vet.App. 387, 2005 WL 4043940 (2005), Green v. Nicholson, 05-884, 20 Vet.App. 387, 2005 WL 4043941 (2005), Sutherland v. Nicholson, 05-1492, 20 Vet.App. 387, 2005 WL 4043410 (2005), Hubbard v. Nicholson, 05-0282, 20 Vet.App. 387, 2005 WL 3547243 (2005), Wesberry v. Nicholson, 04-346, 20 Vet.App. 387, 2005 WL 3926525 (2005), Anderson v. Nicholson, 04-459, 20 Vet.App. 387, 2005 WL 3547281 (2005), Rowland v. Nicholson, 04-1703, 20 Vet.App. 387, 2005 WL 3489760 (2005), Schultz v. Nicholson, 04-2293, 20 Vet.App. 387, 2005 WL 3548295 (2005), Sackett v. Nicholson, 04-2324, 20 Vet.App. 387, 2005 WL 3926524 (2005), Wagner v. Nicholson, 04-2381, 20 Vet.App. 387, 2005 WL 3549174 (2005), Crisp v. Nicholson, 05-370, 20 Vet.App. 387, 2005 WL 3926174 (2005), Clore v. Nicholson, 05-0764, 20 Vet.App. 388, 2005 WL 3548021 (2005), Towns v. Nicholson, 05-0684, 20 Vet.App. 387, 2005 WL 3548299 (2005), Knoll v. Nicholson, 05- 913, 20 Vet.App. 388, 2005 WL 3548281 (2005), Owren v. Nicholson, 05-972, 20 Vet.App. 387, 2005 WL 3926523 (2005), Huston v. Nicholson, 05-973, 20 Vet.App. 387, 2005 WL 3489695 (2005), and Wallace v. Nicholson, 05-189, 20 Vet.App. 387, 2005 WL 3549177 (2005)4, and remand these cases for further proceedings consistent with this court’s decision in Smith v. Nicholson, 451 F.3d 1344 (Fed.Cir.2006).
In all of the above-captioned cases, the Court of Appeals for Veterans Claims relied on its decision in Smith v. Nicholson, 19 Vet.App. 63 (2005), in concluding that the claimants were entitled to separate ratings for tinnitus in each ear. We reversed that decision, holding that the Court of Appeals for Veterans Claims should have deferred to the Secretary’s interpretation of the regulation at issue, an interpretation that only one rating may be allowed for tinnitus in both ears. Smith, 451 F.3d 1344. Under these circumstances, the requested relief is appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) The motions to vacate and remand are granted.
(2) All parties shall bear their own costs.